UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:24-CR-0371 |
| | § | (Hon. Lee H. Rosenthal) |
| | § | |
| CURTIS HOLLIDAY, et al. | § | |

**UNOPPOSED MOTION FOR CONTINUANCE OF PRETRIAL
CONFERENCE, JURY SELECTION AND TRIAL, AND RELATED
PRETRIAL DEADLINES**

TO THE HON. LEE H. ROSENTHAL, UNITED STATES SENIOR
DISTRICT JUDGE:

Defendant Curtis Holliday through his counsel Robert Eric Reed files this

Unopposed Motion for Continuance of Pretrial Conference, Jury Selection and Trial,

and Related Pretrial Deadlines.

The Pretrial Conference in this case is currently scheduled for July 20, 2026,

and Jury Selection and Trial are set for July 27, 2026. Defendant is requesting a

continuance to November 2026, a firm date in which all parties agree they will be

ready and available for trial. Counsel has conferred with Assistant United States

Attorney Michael Day, and he stated the government is not opposed to this motion,

and he requests that any new trial date not be scheduled for September 2026, due to

trial conflicts he and his co-counsel have. Counsel has also conferred with all defense

counsel of record whose clients remain pending trial, and they are not opposed to this

1

motion and are committed to a November setting.  The remaining defendants and their counsel include:  Defendant Deleon Borders (Andrew Williams), Defendant Tierra Celestine (Joseph Vinas), Defendant Magnolia Underwood (Ali Fazel), Defendant Pamela Yoder (Monique Sparks), and Defendant Destynee Williams (Neal Davis III).

Defendant Curtis Holliday seeks this continuance in order to be prepared for trial and for his counsel to be able to provide effective representation.  Mr. Holliday was charged with 52 other defendants in a 48-count indictment arising from the defendants' conduct in obtaining bail bonds.  Mr. Holliday is charged in Count 9. Naturally, the government's discovery is voluminous, and while not all of the discovery is relevant to the remaining defendants, a significant volume of discovery remains relevant because several defendants have pled guilty and are expected to testify for the government at trial.  Further, Mr. Holliday and all defendants had varying degrees of interaction with other defendants in the alleged conduct, and several of these other defendants will likely be witnesses for the government at trial, so discovery relating to those individuals remains relevant.

Significantly, the government intends to use audio recordings of telephone calls involving Mr. Holliday and other defendants from the Harris County Jail during their incarceration.  The government initially produced approximately 28 recordings of calls specifically involving Mr. Holliday.  However, on May 12, 2026, upon the

Defendant's request, the government obtained and produced approximately 600 to 1000 additional telephone recordings involving Mr. Holliday.  This is not a complaint about the government's production of discovery, but a recognition of the volume of highly significant and potentially exculpatory discovery that was recently produced and which still must be reviewed by the Defendant and his counsel.

Mr. Holliday was incarcerated in the Harris County Jail for approximately 7 months before his release on bond in the underlying state criminal case.  During that approximately 210-day period, he made multiple telephone calls every day, many of which involved codefendants Mary Brown and Xavier Francis—who are likely to be important witnesses for the government against Mr. Holliday--as well as friends, family and others with whom he communicated regarding his bond which is squarely at issue in this face.  There appear to be well over 600 additional phone recordings. The government has thus far selected about 28 calls which they likely have determined to be most incriminating.  However, the Defendant has reason to believe there is exculpatory evidence among the recently produced 600-plus recordings, and despite exercising due diligence in reviewing these calls since receiving them just over 30 days ago, the Defendant and counsel need additional time due to the sheer volume and time required to listen to them and review them.

The government has charged Mr. Holliday with Conspiracy to Commit Wire Fraud under 18 U.S.C. §§ 1343 and 1349, and his intent will clearly be the primary

issue in the case.  The government is expected to use the recordings from the 28 calls which were originally produced.  The Defendant must be able to review the remaining calls for exculpatory evidence which may raise reasonable doubt.  There is simply not enough time to review the large volume of calls in time for the current trial date.

Also, one potential witness for Mr. Holliday, Defendant Sheba Muharib, is likely unavailable on the date of the current trial setting.  Ms. Muharib is a codefendant in the instant case, but her case was severed, and her trial is currently set for August 3, 2026 (one week after Mr. Holliday's current trial setting).  It is likely Ms. Muharib will not be available to testify in Mr. Holliday's trial on the current trial date due to the high probability she will invoke her Fifth Amendment right to silence and render herself unavailable as a witness.  Thus, Mr. Holliday requests that his trial be scheduled for after Ms. Muharib's trial.

All parties have indicated their availability and readiness for trial in November 2026.  As noted above, Assistant United States Attorney Michael Day stated the government is not opposed to a continuance, but he requested that any new trial setting not be scheduled in September 2026, due to other conflicting trial settings in which he and his co-counsel Ms. Stephanie Bauman are obligated.  Undersigned counsel is currently set for Jury Selection in federal court in the Laredo Division on October 6, 2026, in *U.S. v. Cuellar, et al.* (5:25-CR-1951), and that trial is expected to last two to three weeks.

The requested continuance is not sought for the purpose of delay, but so that justice may be served.

Thus, for reasons stated above, Defendant Curtis Holliday respectfully requests a continuance to November 2026, of the Pretrial Conference, Jury Selection and Trial, and related pretrial deadlines.

Respectfully submitted,

/s/    Robert Eric Reed
Robert Eric Reed
THE REED LAW FIRM, PLLC
State Bar No. 00789574
Federal I.D. No. 17904
300 Main Street, Suite 300
Houston, Texas 77002
(713) 600-1800 (Tel)
(713) 600-1840 (Fax)
ereed@reedlawpllc.com

ATTORNEY FOR DEFENDANT
CURTIS HOLLIDAY

5

## CERTIFICATE OF CONSULTATION

On June 29, 2026, the undersigned consulted with Assistant United States Attorney Michael Day regarding this Unopposed Motion for Continuance, and he is unopposed to the request.  Counsel has also conferred with the following counsel for the remaining defendants, and they stated they are not opposed:  Andrew Williams (Defendant Deleon Borders), Joseph Vinas (Defendant Tierra Celestine), Ali Fazel (Defendant Magnolia Underwood), Monique Sparks (Defendant Pamela Yoder), and Neal Davis III (Defendant Destynee Washington).

*/s/ Eric Reed*_____
Eric Reed

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the above Unopposed Motion for Continuance using the Court's electronic filing system, and a copy was provided via electronic mail to all counsel or record.

*/s/ Eric Reed*_____
Eric Reed

6